IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROAD SAFETY SERVICES, INC.,

Plaintiff,

vs.

SUN VALLEY MARKINGS, LLC, JOSHUA A. VERDONI, CHRIS BRANDT, BLAIR JONES, and XYZ CORPORATION, INC.,

Defendants.

8:25CV229

**ORDER FOR PROGRESSION OF EXPEDITED DISCOVERY**

Counsel have conducted their conference required pursuant to Magistrate Judge DeLuca's Order dated May 20, 2025 (Filing No. 24). Counsel jointly submitted a proposed order for the Court's approval. The Court approves and adopts the parties' agreement.

Accordingly,

IT IS ORDERED:

1. **Authorization and Sequence of Limited Expedited Discovery.** The parties may now commence limited, expedited discovery required to prepare the case for **a preliminary injunction hearing.** This expedited discovery is to be limited to the following topics:

    a. The relationship between Road Safety Services, Inc. ("RSSI") and Pavement Marking, LLC ("PMI").

    b. The alleged trade secrets and confidential information that RSSI and PMI claim were misappropriated by the Defendants.

    c. Whether or not Defendants received, disclosed, and/or otherwise used any of the alleged trade secrets and confidential information.

1

    d. Those customers of RSSI and PMI that Plaintiff contends Defendant Verdoni had personal contact with during the 12 months prior to the termination of his employment and solicited or otherwise acted in breach of a non-solicitation agreement after his termination from RSSI and PMI.

    e. Those employees of RSSI and PMI that Plaintiffs contend Defendants solicited from RSSI and PMI to leave their employment to work at Sun Valley and whether or not Sun Valley, in fact, solicited such employees.

    f. Defendants' alleged unlawful or tortious interference.

    g. Any current or potential customers or business RSSI or PMI are contending they have or will lose because of Defendants' alleged conduct

    h. RSSI's and PMI's alleged irreparable harm it is contending supports a preliminary injunction.

2. **Limits on Amount of Discovery.** Each party is limited to serving 10 interrogatories and 10 requests for production on any other party. These interrogatories and requests for production must be responded to by **Friday, June 6, 2025.** The parties will meet and confer regarding responses and objections to these requests by **Friday, June 13, 2025.** Each party reserves their right to request an informal discovery conference with the Magistrate Judge and, if necessary, request permission from the Magistrate Judge to file a motion to compel with respect to these interrogatories and requests for production. Any such request for an informal discovery conference must be initiated no later than **Friday, June 20, 2025**.

Defendants, as a group, are limited to a deposition of Shannon Warner, a single deposition of RSSI's corporate representative and a single deposition of PMI's corporate representative at which counsel for Mr. Verdoni and the counsel for Mr. Verdoni, Mr. Brandt, Mr. Jones, and Sun Valley will be permitted to ask questions.

Plaintiffs, as a group, are limited to a deposition of Joshua Verdoni, Chris Brandt, Blair Jones, and the corporate representative of Sun Valley. These depositions are not confined to a particular order.

Except with respect to the duration of the deposition, Plaintiffs and Defendants agree that any corporate representative deposition will otherwise follow Rule 30(b)(6) and be confined to the areas of discovery set forth above. The parties will conduct these depositions, either in-person or via recorded videoconference, by **July 7, 2025.**

3. **Plaintiffs' Preliminary Injunction Motion**. Since all parties agree that limited expedited discovery is needed in order to resolve the pending request for preliminary injunctive relief, and agree that such discovery cannot be completed by the currently scheduled hearing date of June 23, 2025, the parties agree to file a joint motion no later than **June 4, 2025** to: (1) continue the hearing on Plaintiffs' Motion for Preliminary Injunction ("Motion"); (2) set a deadline by which, if Plaintiff intends to supplement the record on its Motion with new or additional evidence, Plaintiff must do so; (3) continue Defendants' deadline to respond to the Motion, which deadline shall be no later than seven (7) days after Plaintiff's deadline to supplement the record; and (4) propose a date on or after Defendants' deadline to respond to the Motion on which they believe the preliminary injunction hearing should be conducted

Dated this 2nd day of June, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge