IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROAD SAFETY SERVICES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SUN VALLEY MARKINGS, LLC,<br>JOSHUA A. VERDONI, CHRIS<br>BRANDT, BLAIR JONES, and  XYZ<br>CORPORATION, INC.,<br><br>Defendants. | 8:25CV229<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Extend the Written Discovery Deadline. Filing No. 150.

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

The Court set February 5, 2026 as the deadline for completing written discovery. Filing No. 79. Plaintiff timely moved to extend the written discovery

1

deadline by sixty days. Filing No. 150. Defendants oppose Plaintiff's motion. Filing No. 152; Filing No. 154.

The Court is, frankly, confused by Plaintiff's motion. Plaintiff served written discovery. Plaintiff is requesting additional time to meet and confer with Defendants to resolve discovery disputes arising out of Defendants' responses. In their response briefs, Defendants assert they are not opposed to extending the motion to compel deadline. In its reply, Plaintiff does not explain why it is seeking an extension of the written discovery deadline instead of an extension of the motion to compel deadline.

The Court agrees an extension is appropriate to allow Plaintiff time to meet and confer with Defendants regarding Defendants' discovery responses prior to seeking a discovery dispute conference and, if appropriate, filing a motion to compel. This warrants an extension of the motion to compel deadline, not the written discovery deadline.

The Court acknowledges Plaintiff filed a motion to amend the complaint to add new parties. Filing No. 134. However, a motion to extend the written discovery deadline on this basis is premature. If appropriate, Plaintiff may move to re-open the written discovery deadline to serve new discovery after the Court rules on Plaintiff's motion to amend. Similarly, Plaintiff theorizes it may hypothetically want to serve additional written discovery after resolving the disputes pertaining to Defendants' discovery requests. If this situation arises, Plaintiff may, at this time, move to re-open the written discovery deadline.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Extend the Written Discovery Deadline, Filing No. 150, is granted in part and denied in part.

IT IS FURTHER ORDERED that the Court's Final Progression Order, Filing No. 79, is amended as follows:

1) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is February 5, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by March 23, 2026.[1]

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

2) All other deadlines and provisions in the Court's Final Progression Order, Filing No. 79, not amended herein remain unchanged.

   Dated this 17th day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

---

[1] The Court extends the (unexpired) motion to compel deadline by thirty days. Plaintiff indicated it would be satisfied with a 30-day extension of the written discovery deadline but requested 60-days in its motion to account for briefing. Filing No. 150 at 2. Defendant Joshua A. Verdoni is unopposed to a 30-day extension of the motion to compel deadline. Filing No. 154 at 2. The Sun Valley Defendants (Sun Valley Markings, LLC, Chris Brandt, and Blair Jones) are unopposed to a shorter, two-week extension of the motion to compel deadline. Filing No. 152 at 4. Considering the circumstances, a thirty-day extension is appropriate.