IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROAD SAFETY SERVICES, INC.,

Plaintiff,

vs.

SUN VALLEY MARKINGS, LLC, JOSHUA A. VERDONI, CHRIS BRANDT, BLAIR JONES, and KENDRA VERDONI,

Defendants.

**8:25CV229**

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Amend the Final Progression Order, Filing No. 213, in which Plaintiff requests the Court "extend the remaining case deadlines and reopen written discovery on a targeted basis." Defendants Sun Valley Markings, LLC ("Sun Valley"), Chris Brandt, Blair Jones, and Joshua A. Verdoni oppose this motion. For the reasons set forth herein, the motion is granted in part and denied in part.

## BACKGROUND

In March 2025, Plaintiff filed a Complaint for breach of contract, tortious interference with a contract, violations of the federal Defend Trade Secrets Act and the Nebraska Trade Secrets Act, breach of fiduciary duty and the duty of loyalty, unfair competition, and civil conspiracy. Plaintiff initially brought the Complaint against Sun Valley, Chris Brandt, Blair Jones, Joshua Verdoni (collectively, the "Original Defendants"), and XYZ Corporation.[1]

Plaintiff alleged Brandt and Jones are owners of Sun Valley—one of Plaintiff's competitors. Verdoni is a former employee of Plaintiff who resigned from his employment with Plaintiff and started working for Sun Valley shortly thereafter.

[1] XYZ Corporation is no longer a part of this lawsuit.

Plaintiff also alleged that, prior to his resignation, Verdoni scanned multiple documents containing Plaintiff's customer-specific information and forwarded this information to his wife's (Kendra Verdoni's) email account. Filing No. 1 at 8. The initial Complaint attached an email from Verdoni to Kendra as an exhibit.

Plaintiff moved, in relevant part, to add Kendra as a party in November 2025. The undersigned recommended the Court grant in part and deny in part Plaintiff's motion. Filing No. 158. The objection to this finding and recommendation was overruled on June 26, 2026, Filing No. 187, and Plaintiff filed the Amended Complaint, Filing No. 189, on July 2, 2026. The Amended Complaint added claims against Kendra for tortious interference with a contract, violations of the Defend Trade Secrets Act and the Nebraska Trade Secrets Act, and civil conspiracy. Filing No. 189.

At the beginning of this lawsuit, Plaintiff and the Original Defendants engaged in expedited discovery related to Plaintiff's motion for a preliminary injunction. *See* Filing Nos. 29, 48 & 69. Full discovery opened in August 2025 after the parties completed their Rule 26(f) report and the Court entered its Final Progression Order, Filing No. 79. Plaintiff subsequently moved to extend the written discovery deadline. Filing No. 150. For the reasons explained in its February 2026 Order, the Court denied Plaintiff's motion to extend the written discovery deadline but extended the motion to compel deadline by 30 days. Filing No. 157. The Court subsequently granted two unopposed motions to extend remaining deadlines. Filing Nos. 160 & 174. The current progression deadlines are below. *See* Filing No. 79; Filing No. 157; Filing No. 160; Filing No. 174.

Written discovery – February 5, 2026.[2]

Motions to compel – March 23, 2026.

Expert identification:

Plaintiff – April 10, 2026.

[2] Deadlines in red were expired when Plaintiff filed the current motion.

Defendants – July 20, 2026.

Rebuttal – August 21, 2026.

Expert disclosure:

Plaintiff – July 6, 2026.

Defendants – August 14, 2026.

Rebuttal – September 14, 2026.

Depositions – September 21, 2026.

Dispositive motions – October 19, 2026.

*Daubert* – September 28, 2026.

Plaintiff now moves to reopen the written discovery deadline and to extend the deadlines for completing Defendants' expert disclosures, Plaintiff's rebuttal expert identifications and disclosures, depositions, *Daubert* motions, and dispositive motions by three to six months. The written discovery, motion to compel, and Plaintiff's expert identification and disclosure deadlines were expired when Plaintiff filed its motion. *See* Filing No. 160; Filing No. 174. After Plaintiff filed its motion, Kendra filed a motion to dismiss the Amended Complaint against her for lack of personal jurisdiction. Filing No. 222. Kendra's motion is currently pending.

**ANALYSIS**

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id.* (citing Fed. R. Civ. P. 16). Under Rule 16, a schedule (such as the case-progression order at issue in this case) may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d

709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo*, 457 F.3d at 759. The movant's diligence remains the "primary" consideration, however. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Generally, the Court will not consider "prejudice to the nonmovant resulting from modification of the scheduling order" if it determines that the movant was not "diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.

Plaintiff argues the Court should reopen and extend certain case progression deadlines because the Amended Complaint expanded the scope of this lawsuit when Kendra was added as a party-defendant. For purposes of analyzing this motion, the Court will separate case progression deadlines pertaining to the Original Defendants from case progression deadlines pertaining to Kendra. Except as otherwise set forth in this Order, Plaintiff did not show good cause to re-open or extend the remaining case progression deadlines.

**Original Defendants.**

First, the Court will not re-open written discovery as to the Original Defendants. Plaintiffs were aware of Kendra's purported involvement when they filed the original Complaint in this matter, over sixteen months ago. This is clear from review of the Complaint and its attachments. In fact, Plaintiffs sought documents and information regarding Kendra from the Original Defendants prior to the close of the current written discovery deadline. Filing No. 218-1. Plaintiff had ample opportunity to pursue discovery against the Original Defendants concerning Kendra's involvement in the alleged claims. To the extent Plaintiff needs more time for this purpose, Plaintiff failed to show diligence in adhering to the Court's deadlines. *See* *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) (district court not "required to reopen discovery to give [a party] a second bite at

the apple”). Additionally, reopening written discovery for this purpose would further delay case progression and prejudice the Original Defendants in the time and cost associated with responding to additional discovery.

Second, Plaintiff is seeking to extend certain expert deadlines. Plaintiff argues an extension of these deadlines, coupled with a corresponding extension of the *Daubert* deadline, is appropriate because new information may arise from written discovery from the Original Defendants pertaining to Kendra’s claims. Since the Court is not re-opening written discovery as to the Original Defendants, extending these deadlines is not warranted. Plaintiff may still disclose a rebuttal report within the current deadlines as it pertains to the Original Defendants. Plaintiff is also still required to supplement, if appropriate. See Fed. R. Civ. P. 26(e)(2).

Third, Plaintiff is seeking to extend its deposition deadline, due in part to scheduling conflicts. A short extension of the deposition deadline for this purpose is appropriate, but three to six months is too much time. The Court will extend the deposition deadline by thirty days. Since depositions may affect the parties’ decision to file *Daubert* or dispositive motions, the Court will also extend these deadlines by thirty days.

**Kendra.**

The Court turns to case progression deadlines involving Kendra. Kendra was recently added as a party defendant in July 2026. There were avenues available for Plaintiff to ask Kendra for documents and/or testimony prior to her being formally added as a defendant. But Plaintiff did not know whether the Court would allow her to be added until the Court granted the Motion to Amend Complaint on June 26, 2026. Since Kendra is now a party defendant, this change in landscape could arguably warrant a different discovery strategy. Accordingly, Plaintiff has shown good cause to re-open and extend case progression deadlines *as to Kendra only*. Moreover, because Kendra was recently added as a defendant,

she has not engaged in discovery and is not prejudiced by the re-opening of case progression.

Since Kendra filed a motion contesting the Court's personal jurisdiction over her, Filing No. 222, the Court will not set discovery deadlines pertaining to Kendra at this time. *See ASI, Inc. v. Aquawood, LLC*, No. 19-cv-0763, 2020 WL 13519442, at *6 (D. Minn. Jan. 6, 2020) (collecting cases for the proposition that courts in this District generally stay discovery pending a determination as to personal jurisdiction); Magistrate Judge Civil Case Management Practices at 2 (an order setting the deadline for filing the parties' Rule 26(f) report "is typically not entered until all named defendants have been served and filed answers, and all Rule 12 motion practice is complete."). Absent a stipulation between the parties, discovery shall not commence on Plaintiff's claims against Kendra until the Court rules on Kendra's pending motion to dismiss. Within fourteen (14) days of a ruling on Kendra's motion, if appropriate, all counsel are ordered to meet and confer and jointly email the Court proposed case progression deadlines.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Amend the Final Progression Order, Filing No. 213, is granted in part and denied in part.
2) An amended final progression order is forthcoming.
3) If appropriate, within fourteen (14) days of a ruling on Kendra's motion to dismiss, all counsel shall meet and confer and jointly email the Court (deluca@ned.uscourts.gov) proposed case progression deadlines.

Dated this 19th day of August, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge