IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROAD SAFETY SERVICES, INC.,

Plaintiff,

vs.

SUN VALLEY MARKINGS, LLC, JOSHUA A. VERDONI, CHRIS BRANDT, BLAIR JONES, and KENDRA VERDONI,

Defendants.

**8:25CV229**

**ORDER**

This matter is before the Court on Plaintiff's Motion, Filing No. 258, to amend the final progression order. Plaintiff seeks to extend the deposition deadline for the limited purpose of taking a Rule 45 deposition of non-party Absolute HCBS, LLC ("Absolute"). Defendant Joshua Verdoni opposes Plaintiff's motion.

**BACKGROUND**

Plaintiff served a Rule 45 deposition subpoena on Absolute on August 24, 2026. The original subpoena noticed nine (9) deposition topics. Filing No. 270-1 at 4. Absolute objected to the subpoena. Plaintiff and Absolute met and conferred throughout August and September to resolve the dispute without Court intervention. On September 18, Plaintiff proposed it depose Absolute on three (3) narrowed topics. Filing No. 270-2 at 1–2. Plaintiff and Absolute then continued to meet and confer throughout September and October. *See* Filing No. 273-1 at 4–8.

The Court set October 21 as the deadline for completing depositions. Filing No. 234. On October 19, Absolute agreed to provide two witnesses to testify on

the three topics in Plaintiff's September proposal. Filing No. 273-1 at 4. On October 20, Plaintiff emailed the narrowed topics to defense counsel. Filing No. 270-3 at 2. Plaintiff then timely moved to extend the deposition deadline to accommodate these depositions. Filing No. 258. Scheduling the depositions was paused until after the Court ruled on Plaintiff's motion to extend the deposition deadline. Filing No. 273-1 at 2.

**ANALYSIS**

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). The movant's diligence remains the "primary" consideration, however. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Here, Plaintiff subpoenaed Absolute two months before the deposition deadline. Absolute objected and Plaintiff met and conferred with Absolute several times over the next couple months to resolve the dispute without Court intervention. Absolute agreed to produce witnesses on Plaintiff's proposed narrowed topics on October 19, two days before the deadline. Plaintiff then timely moved to extend the deposition deadline. Under these circumstances, Plaintiff was diligent in attempting to meet the October 21 deadline.

Verdoni opposes extending the deposition deadline to allow Plaintiff to depose Absolute in part because Plaintiff did not serve the narrowed deposition topics on defense counsel until October 20—the day before the deposition

deadline. Verdoni argues the narrowed third topic is outside the scope of the original subpoena and wants the opportunity to object or seek a protective order.

The prejudice to Verdoni in extending the deposition deadline to allow Plaintiff to depose Absolute is curable. The Court will set a deadline for the parties to meet and confer to attempt to resolve Verdoni's objections to the narrowed deposition topics without Court intervention.[1] If the parties are unable to resolve their dispute, the parties may contact the Court to schedule a discovery dispute conference. In the meantime, Plaintiff's counsel shall coordinate with defense counsel and Absolute's counsel to reserve a date/time to depose Absolute's two designated witnesses that works for everyone (including the witnesses). The depositions shall not occur before the Court resolves any disputes concerning the deposition topics.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) For good cause shown, Plaintiff's Motion to Extend Deposition Deadline for the Limited Purpose of Completing the Rule 45 Deposition of Non-Party Absolute HCBS, LLC, Filing No. 258, is granted.
2) On or before November 9, 2026, the parties shall meet and confer to attempt to resolve any disputes concerning the narrowed deposition topics. The Court will presume the dispute is resolved unless the parties email chambers (deluca@ned.uscourts.gov) requesting a discovery dispute conference by November 10, 2026.
3) The deadline for Plaintiff to depose Absolute is November 25, 2026. The deposition deadline for all other depositions, including but not limited to depositions for oral testimony only under Rule 45, was October 21, 2026. All

[1] In the reply, Plaintiff further narrowed the third topic to address Verdoni's substantive concerns.

other provisions and deadlines in the Court's prior final progression orders not amended herein remain unchanged.

Dated this 4th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge